## MOTIVE IN CAUSING ARREST.

Circuit Court of Cuyahoga County.

SOLOMON I. SCHWARTZ ET AL v. MAX FRIDRICK.

Decided, December 14, 1908.

*Malicious Prosecution—Evidence as to Malice—Defendant Permitted to Testify as to his Malice.*

In an action for malicious prosecution it is proper to permit the defendant to testify that he had no malice or hard feeling toward the plaintiff when he caused his arrest, but acted in good faith.

*Smith, Taft & Arter*, for plaintiffs in error.
*C. W. Noble*, contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action for malicious prosecution with judgment for the plaintiff below.

The burden of showing malice and want of probable cause was upon the plaintiff. The defendant to disprove malice and want of probable cause offered himself as a witness and was permitted to testify that he believed the plaintiff was guilty of larceny at the time he swore to the affidavit which the assistant prosecutor of the police court of the city of Cleveland prepared and directed him to sign.

He was not permitted, however, to answer the following question:

"Did you sign this affidavit with any malice or any hard feeling against Mr. Fridrick?"

To which question the plaintiff objected; which objection was sustained by the court; to which ruling of the court the defendants then and there excepted and stated that they expected the witness to answer, if permitted, that he signed it without malice.

"Was the signing of that affidavit by you done in good faith?"

To which question the plaintiff objected; which objection was sustained by the court; to which ruling of the court the defend-

ants then and there excepted and state that they expected the witness to testify that the affidavit was signed in good faith.

A majority of the court is of the opinion that these rulings were erroneous.    Support for this view is found in *19 Am. & Eng. Encyc. of Law*, 695, and cases cited.    It is claimed that the state of the witness' mind is a fact as to which he may testify. The Supreme Court has so held in the case of *White* v. *Tucker*, 16 O. S., 468, where it is stated that the defendant may testify as to his belief in the guilt of the plaintiff.

But is the analogy perfect, except in the case of actual malice? Quoting again from the Encyclopedia referred to, at page 676:

"Where a criminal prosecution is begun under circumstances making it apparent that the person instituting it had some collateral private purpose in view, rather than the vindication of the law, legal malice is shown.    Thus, if a criminal prosecution is instituted to compel the delivery of property, or to coerce the payment of a debt, the proceedings will be deemed malicious in law."

We know that a belief is a fact, which any truthful witness can truthfully state, but his motives are to be judged by the public conscience and not his own.    This witness might truthfully have said: "The plaintiff had taken some goods from me and wouldn't tell where there were.    I hoped to recover the goods, by having him arrested, but I entertained no malice in so doing."    His opinion in this respect would have been erroneous, for the law implies malice from such conduct.    And here lies the danger.    The question asked would have permitted the witness to characterize his own conduct and thus substitute his opinion for that of the jury.    This view is indicated in the case of *John* v. *Bridgman*, 27 O. S., 22, 43.

It is unfortunate that it has fallen to me to prepare the opinion in this case, but, as I concur in the reversal of the case on other grounds, it is a matter of little consequence.

I think the verdict was against the weight of the evidence. To me it seems clear that it was not the employe or agent of plaintiffs in error, but the assistant prosecutor of the police court, who, acting upon his own examination and judgment, caused the arrest complained of.

My brethren do not agree with me as to our duty to reverse the judgment for this reason.

Judgment reversed for error in ruling on evidence.